# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                Case No. 20-CR-209

HMONG VANG,

          Defendant.

## ORDER

Before the court is defendant Hmong Vang's motion to travel to Hawaii for a wedding. (ECF No. 14.) The government opposes the motion. In its view, the fact that Vang booked his non-refundable travel without first obtaining permission from the court suggests that Vang is not taking seriously the conditions of his release. (ECF No. 15 at 1.) The government also highlights the seriousness of the charges that Vang faces. His "home contained a small arsenal," which included a fully automatic firearm, high capacity magazines, marijuana, ecstasy, methamphetamine, and evidence of drug dealing. (ECF No. 15 at 1.)

The court shares certain of the government's concerns. A person on pretrial release booking a non-refundable trip to Hawaii without first getting permission from

the court reflects a lack of appreciation that the court ordered him to remain in the Eastern District of Wisconsin. Moreover, his one-paragraph motion is perfunctory. He does not provide certain basic details, such as his relationship to the couple getting married. Overall, this suggests that Vang does not fully appreciate the strictures associated with his pretrial release.

However, the court has no reason to believe that Vang has violated any condition of his pretrial release in the roughly 45 days he has been subject to supervision, and his Pretrial Services officer does not oppose the request to travel. He has already been ordered to surrender his passport. Moreover, the government has not expressed, either at Vang's bond hearing or in response to this motion, any concern that Vang is a risk of flight. Although the government initially requested that Vang be subject to electronic monitoring, it sought this condition as a means to protect the community and not out of a concern of flight.

In light of the requirement that a defendant must be "subject to the *least* restrictive further condition, or combination of conditions, that [the court] determines will *reasonably* assure the appearance of the person as required and the safety of any other person and the community …" 18 U.S.C. § 3142(c)(1)(B) (emphasis added), the court will grant Vang's motion to travel. The government has not shown that Vang's proposed travel would unreasonably endanger the public or create an unreasonable risk of flight.

**IT IS THEREFORE ORDERED** that Vang's motion to travel (ECF No. 14) is **granted**. Vang shall provide to Pretrial Services all details of his travel that it may request.

Dated at Milwaukee, Wisconsin this 15th day of January, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge